UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:  12-11795

| | |
|---|---|
| DANIEL C. BRIGGS,<br>    Plaintiff,<br><br>v.<br><br>BOAT/U.S., INC. and SOCIETY OF<br>ACCREDITED MARINE SURVEYORS,<br>INC.,<br>    Defendants. | BRIEF OF BOAT/U.S., INC. AS TO<br>PLAINTIFF'S JURY TRIAL<br>RIGHT UNDER CHAPTER 93A |

The Defendant, Boat/U.S., Inc. ("BoatUS") submits the within brief in support of its position that this Court should treat the jury's Chapter 93A verdict as advisory only, and make its own independent decision, findings of fact and rulings of law in adjudicating the plaintiff's Chapter 93A claim.  As ground therefore, BoatUS states as follows:

For over 30 years, state and federal cases have held that Chapter 93A claimants are not entitled to a jury trial under M.G.L. ch. 93A.  The recent case of Frappier v. Countrywide Home Loans, Inc., 750 F. 3d 91 (1st Cir. 2014) ("Frappier") has ruled on this.  Frappier did not hold that there is a jury trial right in Federal Court for Chapter 93A claims.  Rather, it stated in *dicta* that the question has not been decided in the First Circuit.  Id. at 98.  In so ruling, the Frappier court stated that the First Circuit did not formally decide the question in Wallace Motor Sales, Inc. v. American Motors Sales Corp., 780 F. 2d 1049 (1st Cir. 1985) ("Wallace").  The First Circuit also held that it was not bound by the decision of the Massachusetts Supreme Judicial Court in Nei v. Burley, 388 Mass. 307 (1983) ("Nei"), in which the Supreme Judicial Court of Massachusetts determined that Chapter 93A claims are equitable in nature.

It should be noted that in so holding, the First Circuit did not analyze or reject the holding in Nei, but only held that it was not bound by it. This Court remains free to follow the Nei decision and its reasoning. Thus, the Frappier case has not changed existing law or provided a definite ruling on the issue of whether a litigant in federal court is entitled to a jury trial, but has only noted that the issue is open and not necessarily foreclosed by either the Wallace decision or the Nei decision.

As the issue remains an open issue, this Court may entertain its own analysis. It should conclude that Chapter 93A are equitable in nature, and that there is no right to a jury trial. As recognized in Frappier, the Supreme Court, in Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990), reiterated the two-part test for determining the right to a jury trial under the Seventh Amendment. Courts must (1) "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." The Court in Frappier further noted that "[t]he second inquiry is the more important."

As recognized by Nei v. Burley, 388 Mass. 307, 315 (1983), the Massachusetts legislature both expressly and implicitly, has deemed Chapter 93A claims to be equitable. In Nei, the Massachusetts SJC looked to the original language of Chapter 93A, which provided that a party may seek relief "*in equity* for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper." Id. at 312 (emphasis added). As originally enacted by the Massachusetts legislature, Chapter 93A was intended as an equitable remedy for the court. The SJC noted that the statute was later amended to strike the phrase "in equity." This occurred after the adoption of the Rules of Civil Procedure, which abolished the distinction between courts of equity and law. Id. As a result, the phrase "in equity" was stricken, but the

legislature continued to refer to "the court" as the decision maker in the statute. This reflected a legislative intent for the claims to remain as equitable and for the court to decide. Id. The SJC recognized that when Chapter 93A was first enacted, "the word 'court' obviously referred to a judge and not a jury."

Further, in making its ruling in Nei, the SJC explicitly noted that the legislature, if dissatisfied with the ruling, could modify the law to make an explicit right to a jury trial if it felt otherwise. Id. The Massachusetts legislature, having over 30 years to do so, has not changed the language of the statute to create a jury right. The statute still refers exclusively to "the court." Section 11 contains the following explicit references to "the court":

> If the court finds for the petitioner, recovery shall be in the amount of actual damages; or up to three, but not less than two, times such amount if the court finds that the use or employment of the method of competition or the act or practice was a willful or knowing violation of said section two.
>
> In addition, the court shall award such other equitable relief, including an injunction, as it deems to be necessary and proper.
>
> If the court finds in any action commenced hereunder, that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorneys' fees and costs incurred in said action.
>
> In any action brought under this section, in addition to the provisions of paragraph (b) of section two, the court shall also be guided in its interpretation of unfair methods of competition by those provisions of chapter ninety-three known as the Massachusetts Antitrust Act.

M.G.L. ch. 93A, § 11. Thus, as recognized by Nei v. Burley, the Massachusetts legislature has recognized, both expressly and implicitly, that Chapter 93A is an equitable remedy, and at no point in the over 30 years after Nei has the legislature sought to amend the language to specify that the claim is for the jury to decide.

It is also clear that the remedies afforded by Chapter 93A are equitable in nature. The Court in Nei recognized that Chapter 93A is affords an equitable remedy to address unfair or deceptive trade practices, as follows:

> The elimination of the words "in equity" does not conclusively or even persuasively remove the equitable nature of consumer actions. Relief tailored for the consumer is a thread which is weaved throughout the entire consumer law fabric. This court said in *Commonwealth v. DeCotis*: "We believe that, as originally enacted, G.L. c. 93A granted full authority to the courts to use their traditional equity power to fashion decrees to remedy the wrong complained of and to make the decree effective." Further, the consumer protection statute, G.L. c. 93A, has created new substantive rights in which conduct heretofore lawful under common and statutory law is now unlawful. In all, the equitable nature of the relief permitted and the silence of the Legislature leads us to conclude that there is no right to a trial by jury for actions cognizable under G.L. c. 93A.

Id. at 314-15 (citations omitted) (quoting *Commonwealth v. DeCotis,* 366 Mass. 234, 245 (1974)). Thus, Chapter 93A was intended by the Massachusetts legislature to provide an equitable scheme to fashion decrees and remedies for unfair or deceptive trade practices, and has always been intended to have a remedy equitable in nature. M.G.L. ch. 93A, § 11 clearly provides this, allowing a party to "bring an action . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper."

It is established that the statute grants full authority to the court to use its traditional equity power when remedying the wrong complained of and to make its decree effective. See Commonwealth v. Decotis, 366 Mass. 234, 245 (1974) ("We believe that, as originally enacted, G.L. c 93A granted full authority to the courts to use their traditional equity power to fashion decrees to remedy the wrong complained of and to make the decree effective"); Kattar v. Demoulas, 433 Mass. 1, 17 (2000); Greenfield Country Estates Tenants Ass'n, Inc. v. Deep, 423 Mass. 81, 83 (1996). Further, in this case, Mr. Briggs has sought injunctive relief through the case and specifically through his Chapter 93A claims. Paragraph 136 of plaintiff's Second

Amended Complaint, which is within his Chapter 93A count, seeks injunctive relief in connection with his Chapter 93A count. Thus, the nature of the Chapter 93A remedy, both in general and as sought by Mr. Briggs, is equitable in nature.

At least one Federal Court decision has analyzed the issue in regard to the Seventh Amendment and has determined that the issue of "unfairness" under Chapter 93A is an equitable cause of action. Puretest Ice Cream, Inc. v. Kraft, Inc., United States District Court, 614 F. Supp. 994 (D. Mass. 1985) (Skinner, J.). In Puretest, the Judge Skinner found that the standard for "unfairness," as opposed to "deceptive" conduct, would be equitable in nature, noting as follows:

> This review suggests that though the "unfairness" of the defendant Kraft's conduct is an equitable issue, its "deceptiveness" is a "legal" issue by history and analogy. Consideration must be given to the nature of the remedy sought as well. Section 11 of c. 93A authorizes actual and punitive damages for "any loss of money or property, real or personal, and such equitable relief, including an injunction, as the court deems to be necessary and proper." The plaintiffs ask for actual and punitive damages, which, as the form of relief customarily awarded in pre-merger courts of law, would strongly support finding a right to jury trial, if it were the only mode of relief they seek. They also request an order permanently enjoining Kraft from further engaging in conduct that violates c. 93A. They assert that they seek damages "primarily", but have not retracted the demand for an injunction. In absence of that, they cannot meet the test for recognition of a right to trial by jury of the "deceptiveness" claim, that the action "involve [ ] rights and remedies of the sort traditionally enforced in an action at law, rather than an action in equity or admiralty."

Id. at 997. Thus, at least one court has analyzed the nature of the claim for "unfairness" and has determined it to be equitable in nature. In this case, the plaintiff's claims do not involve deception or fraud, but pertain to alleged unfair conduct, squarely within the analysis adopted by Judge Skinner. Thus, adopting the above analysis, the claims in this case under Chapter 93A would be for unfairness would be considered equitable in nature.

5

As such, the plaintiff's claims should be treated as equitable, and the jury's verdict should not be considered binding. Federal courts have held that the jury's findings on Chapter 93A should be advisory only. See e.g., Berger v. Vanasse, No. 86-1968-N, slip op. (D. Mass. Mar. 22, 1989) (Collings, USM) ("[a]lthough the jury's responses to special interrogatories may be treated as advisory pursuant to F. R. Civ. P. 39(c), the Court is not bound by those findings, but rather has the responsibility to independently assess and decide the facts and legal issues relating to the 93A claim."); Cambridge Plating Co. v. NAPCO, Inc., 890 F. Supp. 55, 60 (D. Mass. 1995). It has further been held that the court, in ruling on a Chapter 93A claim, is not bound by a jury's verdict on parallel common law claims. See e.g., Baker v. Goldman, Sachs, 771 F. 3d 37, 49 (2014); Klairmont v. Gainsboro Rest., Inc., 465 Mass. 165 (2013). The Court may, if it chooses, consider the jury's verdict in reaching its conclusions. Baker, 771 F. 3d at 49. Thus, this Court should consider the jury's verdict as advisory only, and should allow the defendant the opportunity to submit proposed findings of fact and rulings of law on the issue, at which point this court should make its own independent findings under Chapter 93A, and make its own findings of fact and rulings of law based on the evidence presented.

It certainly bears mention that the jury's treatment of the Chapter 93A claim in this case is inconsistent with legal standards followed by courts in addressing Chapter 93A claims. Chapter 93A has been recognized as an extraordinary remedy, and requires a finding of unfair or deceptive conduct that rises to the level of being "egregious." Baker, 771 F. 3d at 51-52. Such conduct is far from present. In this case, BoatUS made truthful statements regarding Mr. Briggs and his actions as a surveyor, which resulted in (1) a complaint to co-defendant SAMS regarding his conduct and (2) a BoatUS representative contacting Mr. Briggs' client to discuss the rejection of his survey. BoatUS maintains, as it plans to argue in its Motion for Judgment as a Matter of

Law or otherwise, that it merely conveyed information of a factual nature, and information otherwise subject to conditional privilege. This Court already ruled, in its motion for summary judgment, that there was no evidence of any personal animus that caused or led to these communications, no grounds to claim civil conspiracy, and that there was only a narrow issue of fact as to whether the co-defendant interpreted any defamatory meaning from the statements at issue. Based on the facts as elicited at trial, there is no conduct that any factfinder could consider to be unfair, and certainly no such conduct that could rise to the level of being considered knowing or willful under the statute. BoatUS reserves all rights to argue these issues, and all others that apply in further post-trial motions.

Allowing the jury to award Chapter 93A remedies, including the extraordinary remedy of multiple damages, creates a substantive disparity in the treatment of such claims between state and federal court. In light of the extraordinary remedies afforded by Chapter 93A, which have been long regarded as equitable and for the court only, it is manifestly unfair to change the existing state of the law to allow juries the right to award binding Chapter 93A awards in federal court, including double and treble damages. This would create a strong incentive for forum shopping, and would create a substantively different treatment for such claims between state and federal court.

In this case, the court should treat the jury's decision as advisory only and make findings of fact and rulings of law with regard to Chapter 93A, including, without limitation on the following issues:

1. Whether the defendant acted unfairly and/or deceptively.

2. Whether or not any of this conduct could be considered knowing and/or willful.

7

3. The motivations of the defendant in its conduct, the reason for such conduct, whether there is evidence of bad faith or animus to support a Chapter 93A finding.

4. Whether any of the conduct occurred in the context of trade or business.

5. Whether there was any business relationship between the parties that could give rise to liability under Section 11 of Chapter 93A.

6. Whether the transactions and actions occurred substantially or primarily within the Commonwealth of Massachusetts.

BoatUS reserves the right and requests the opportunity to submit detailed requests for findings of fact and rulings of law in the Chapter 93A count following this Court's decision on how to treat the Chapter 93A claim, namely whether the jury's verdict should be treated as advisory only.

## **CONCLUSION**

For the reasons set forth herein, and further for any reasons as may be advanced by the co-defendant, this Court should treat the jury's verdict on the 93A claim as advisory only, and should rule on the claim after allowing the parties the opportunity to submit proposed Findings of Fact and Rulings of Law.

Respectfully submitted,
The defendant,
Boat/U.S., Inc.,
By its attorneys,

*/s/ Philip M. Hirshberg*

Philip M. Hirshberg, BBO #567234
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500
*phirshberg@morrisonmahoney.com*

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been electronically filed, and served upon all counsel of record in compliance with the Fed. R. Civ. P. this 10th day of June, 2015.

*/s/ Philip M. Hirshberg*

Philip M. Hirshberg